UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER HOLSAPPLE, as Personal
Representative of the Estate of
ROBERT JANS, deceased,

    Plaintiff,

-vs-                                                 Case No.: 2:12-cv-00355-UA-SPC

STRONG INDUSTRIES, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant, Strong Industries, Inc.'s Motion to Stay Discovery (Doc. # 19) filed on August 13, 2012.  Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Stay Discovery (Doc. # 22) was filed on August 27, 2012.  In this case, the Plaintiff filed a wrongful death products liability action related to the decedent's use of a "cement box apparatus" (also described as a "volumetric mixer") in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida on June 11, 2012. (Doc. # 1, 2). On July 3, 2012, Defendant removed the case to the United State District Court for the Middle District of Florida, Fort Myers Division. (Doc. # 1).  On July 17, 2012, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 8), after which Plaintiff filed an Amended Complaint. (Doc. # 9).  Defendant filed another Motion to Dismiss for lack of Personal Jurisdiction on August 13, 2012.  (Doc. # 18).  Due to the fact that the Defendant's Motion to Dismiss is pending, the Defendant filed the instant Motion seeking the Court to stay discovery

until the Court rules on the potentially dispositive motion.  (Doc. # 19).  As both parties have submitted briefs to the Court on the instant motion, the issue is now ripe for review.

When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)). Moreover, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Id. (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)).  "Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Id. (citing Wilderness Soc. v. Griles, 824 F.2d 4 (D.C.Cir. 1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985)).  "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Id.

In this case, the Defendant contends that going forward with discovery would force Defendant "to expend substantial time and resources engaging in and responding to discovery, which a ruling in its favor on the Motion to Dismiss would render wholly unnecessary." (Doc. # 19, p. 2–3).  Specifically, Defendant contends that Plaintiff is seeking expedited discovery for reasons unrelated to the instant case and that its Motion to Stay is supported by the fact that Plaintiff delayed in filing this action. (Doc. # 19, p. 3).  Therefore, Defendant contends that "it is in the interests of justice to stay discovery pending resolution of the motion." (Doc. # 19, p. 3).

Conversely, Plaintiff contends that Defendant has not met its burden of showing good cause and reasonableness of granting its Motion to Stay, and to the contrary, Plaintiff will be prejudiced if discovery is stayed. (Doc. # 22). Plaintiff contends that staying discovery may prevent her from obtaining testimony that is essential to the case as a necessary witness in this case is suffering from terminal cancer. (Doc. # 22, p. 3).

The Defendant cites to Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) and Chadsuma v. Mazda Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997) for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved. Chadsuma states: "[f]acial challenges based on the failure to state a claim for relief, should, however, be resolved before discovery begins. Id. at 1368. However, this argument fails. Chadsuma does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. Koock v. Sugar & Felsenthal, LLP, 2009 WL 2579307 * 2 (M.D. Fla. Aug. 19, 2009). "Instead, Chadsuma and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" Schreiber v Kite King's Lake, LLC., 2010 WL 3909717 *1 (M.D. Fla. Oct. 1, 2010); Koock, 2009 WL 2579307 at * 2; In re Winn Dixie Stores, Inc., 2007 WL 1877887 *1 (M.D. Fla. June 28, 2007).

Due to the fact that there appears to be a legitimate dispute regarding whether this action should be dismissed, and it is possible that discovery may need to be conducted in order to determine whether Defendant is subject to the Personal Jurisdiction of this Court, this Court finds that the potential "harm produced by a delay in discovery" outweighs "the possibility that the motion will be granted and entirely eliminate the need for such discovery."

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Stay Discovery (Doc. # 19) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of September, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record